IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HOLDER, et al., | No. C 06-2923 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 36] |
| BRUCE MCPHERSON, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Ex Parte Application for Order Shortening Time for Hearing on Motion for Remand. Plaintiffs' Ex Parte Application is opposed by defendants Bruce McPherson, Elaine Ginnold, Anne Barnett, Victor Salazar, Colleen Baker, Candace Grubbs, Mikel Haas, Kathleen Williams, Marsha Wharff, Conny McCormack, Deborah Hench, and Theresa Nagel.

In Plaintiffs' Ex Parte Application, Plaintiffs request that this Court set Plaintiffs' Motion for Remand for hearing on June 20, 2006 and impose an expedited briefing schedule, such that the defendants' opposition briefs would be due on June 12, 2006 and Plaintiffs' reply briefs would be due on June 16, 2006. Plaintiffs argue that an expedited resolution of the Motion to Remand is warranted because "[d]elay in deciding the Motion to Remand will impact the timely resolution of the substantive issues set forth in the Petition by the state court and may compromise the fundamental right to vote and the integrity of the California elections." Mot. at 3. Specifically, Plaintiffs argue that the "[s]hortening the time for hearing . . . will facilitate the resolution of Petitioners' claims – which, if successful, would result in the decertification of the AV-Tsx [voting system]– in time to present the use of the AV-TSx in the November 7, 2006 general election." *Id.* Additionally, Plaintiffs note that the California State Legislature has determined that petitions for writ of mandate brought under the California Elections Code shall be heard in preference to all other civil matters.

As defendant Bruce McPherson ("McPherson") points out in his Opposition, however, Plaintiffs fail to reconcile their current need for urgency with the fact that they waited *over a month* to file the Motion for Remand. Further, as defendant McPherson also points out, Plaintiffs' reliance on California Elections Code § 13314(a)(3) – which provides for the priority of certain election-relation petitions for writ of mandate – is misplaced, as § 13314 is ordinarily applied in the context of alleged errors in ballots and ballot-related notices, not challenges to voting system decisions. The persuasiveness of Plaintiffs' Ex Parte Application is also undermined considerably by the fact that it is premised heavily on the timing of the June 6, 2006 election, but was filed only four days before the election, thereby depriving the Court of the opportunity to sufficiently consider, or resolve, Plaintiffs' ex parte request before that date. Indeed, Plaintiffs have not identified any harm that will be suffered by any party if the Motion for Remand is heard, as currently scheduled, on July 18, 2006. Additionally, defendant McPherson has convincingly established that the importance of this issue supports a finding that all of the parties should be allowed to have adequate time to brief the Motion to Remand, not a finding that this Court should significantly curtail the normal briefing schedule and hastily adjudicate the Motion.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' Ex Parte Application [Docket No. 36] is DENIED. Plaintiffs' Motion for Remand [Docket No. 37] shall be heard on July 18, 2006.

IT IS SO ORDERED.

Dated: 6-12-06

SAUNDRA BROWN ARMSTRONG
United States District Judge

2